# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br><br>    *Defendant*. | Civil Action No. 1:24-cv-780-ACR |
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, et al.,<br><br>    *Defendants*. | Civil Action No. 1:25-cv-186-ACR (consolidated with Nos. 1:24-cv-780 (lead), 1:25-cv-70) |

## **DECLARATION OF ROBERT H. COX**

Robert H. Cox declares:

1. I am attorney admitted to practice law in the District of Columbia, Virginia, Maryland, and elsewhere, and I am a partner with the law firm Whiteford, Taylor & Preston, LLP. I submit this declaration at the request of the Plaintiffs in these consolidated cases.

2. From March 2011 to May 2017, I served on the staff of the Public Company Accounting Oversight Board (the "Board") as an Assistant Director in its Division of Enforcement and Investigations ("DEI"), which among other duties conducts investigations and prosecutes disciplinary proceedings like the ones I am informed have been commenced against the Plaintiffs in these consolidated cases. During my tenure with the Board, I personally participated in at least two such disciplinary proceedings and was personally familiar with others. I also personally participated in at least five formal investigations and was personally familiar with others.

3. Since leaving the Board in May 2017, I have been engaged in the private practice of law, with a significant percentage of my workload devoted to advising and representing accountants and accounting firms in connection with Board investigations and disciplinary proceedings.

4. Based on my personal experience and observation while on the Board's staff and in private practice, it is standard procedure for the SEC-appointed Board members to receive and consider *ex parte* written communications from DEI staff about the relevant facts and legal issues in the form of written memoranda in support of a request for an order authorizing the initiation of a formal investigation. It is also standard procedure for the SEC-appointed Board members to receive and consider *ex parte* written communications from DEI staff about the relevant facts and legal issues in the form of written memoranda in support of a request for an order instituting disciplinary proceedings at the conclusion of an investigation. In addition, Board members and their staff routinely engage in *ex parte* oral discussions with DEI staff about such matters in connection with DEI recommendations to initiate formal investigations and DEI recommendations to commence formal disciplinary proceedings.

5. In my experience and observation, these *ex parte* written communications are not disclosed to the accountants and firms who will be investigated or charged, and those accountants and firms are not invited to attend or participate in, and do not attend or participate in, the *ex parte* oral discussions between DEI staff and the Board members.

6. In my experience and observation, DEI staff generally are aware of and have access to the non-public decisions issued by the Board and its hearing officers in connection with Board disciplinary proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 26, 2025.

_____
Robert H. Cox