# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOHN DOE,

*Plaintiff*,

v.

PUBLIC COMPANY ACCOUNTING
OVERSIGHT BOARD,

*Defendant*.

Civil Action No. 1:24-cv-780-ACR

## DEFENDANT PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, the Public Company Accounting Oversight Board ("Board" or "Defendant") submits the following objections and responses to John Doe's ("Doe" or "Plaintiff") First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendant (the "Requests").

Defendant's investigation concerning the litigation is continuing and ongoing. Defendant's objections and responses are based on Defendant's current knowledge, understanding, and belief as to the information and documents reasonably available to Defendant in the ordinary course of its business as of the date of these responses. Moreover, these responses were prepared based on Defendant's good-faith interpretation and understanding of the individual Requests and are subject to correction for, among other reasons, inadvertent errors or omissions, if any. Without obligating itself to do so, Defendant reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that may apply.

1

By responding to these Requests, Defendant does not concede that any Request seeks information that is relevant to a claim or defense in this case, nor that it seeks information that is reasonably tailored to lead to information relevant to the claims and defenses in this case. These responses are further given without prejudice to Defendant's right to object on any basis to the introduction of any or all of the responses to these Requests at the time of any trial or in connection with any motion, hearing, or other proceeding. These responses are made solely for the purpose of, and in relation to, this action.

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated into each and every response to each and every specific Request, whether or not such objections are expressly incorporated by reference in such response. That Defendant's specific response to a Request does not expressly repeat one or more of the following General Objections is not intended to be, and should not be construed as, a waiver, withdrawal, or limitation of such objections for any Request. Similarly, the inclusion of any of the following General Objections in any specific response to any Request is not intended to be, and should not be construed as, a waiver, withdrawal, or limitation of any specific objection made herein or that may be asserted at another date.

1.      Defendant objects to the Requests to the extent they seek to impose obligations beyond the scope of discovery permitted by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and any discovery orders or standing orders governing this case.

2.      Defendant objects to each and every Request and definition as overbroad, unduly burdensome, and not proportional to the needs of the case because the Requests are not reasonably targeted in scope, seek information not relevant to a party's claim or defense in this case, or would require Defendant to incur a substantial expense that outweighs any likely benefit of the discovery.

2

3.      Defendant objects to each and every Request and definition because the Requests lack any reasonable time limitation, including but not limited to because the lack of a reasonable time limitation poses an undue burden on Defendant.  To the extent Defendant agrees to produce materials in response to a particular Request, it will do so from a timeframe that is reasonable, taking into account the nature and scope of the individual Request.

4.      Defendant objects to each and every Request and definition because the Requests seek information or documents protected by the attorney-client privilege, work-product doctrine, or any other applicable law, privilege, immunity, protection, or doctrine, including but not limited to the privilege codified in 15 U.S.C. § 7215.  *See* 15 U.S.C. § 7215(b)(5); *see also id.* § 78x(f). Defendant claims such privileges and protections to the extent implicated by each Request and excludes privileged and protected information from its responses.  The production of any privileged information or document by Defendant is unintentional, and any such inadvertent production shall not be construed as a waiver of any applicable objection or privilege.

5.      Defendant objects to each and every Request and definition because the Requests seek information or documents already in the possession of or more readily available to Plaintiff, equally available to Plaintiff, or that could be derived or ascertained by Plaintiff with substantially the same effort that would be required of Defendant.

6.      Defendant objects to each and every Request and definition because the Requests seek information or documents outside the possession, custody, or control of Defendant.

7.      Defendant objects to each and every Request and definition because the Requests purport to require Defendant to compile information in a manner that is not maintained in the ordinary course of its business and/or to create documents, including but not limited to charts, tables, reviews, proposals, methodologies, and/or breakdowns, that do not already exist.

3

8.      Defendant objects to each and every Request and definition because the Requests seek confidential information and other information or documents that Defendant is not permitted to disclose pursuant to confidentiality or other legal obligations to third parties.

9.      Defendant objects to each and every Request because the Requests seek information or documents that are confidential, proprietary, private, or otherwise non-public and sensitive, on the grounds that such requests are overbroad, unduly burdensome, and not proportionate to the needs of the case.  Defendant will not produce such documents except in accordance with an appropriate protective order.

10.     Defendant objects to each and every Request and definition because the Requests seek unreasonably cumulative or duplicative information or documents.

11.     Defendant objects to each and every Request and definition because the Requests call for a legal conclusion.  Any response by Defendant shall not be construed as providing a legal conclusion regarding the meaning or application of any terms or phrases used in Plaintiff's Requests.

12.     The information provided in Defendant's responses to Plaintiff's Requests does not constitute any admission by Defendant that such information is relevant to the pending litigation. Defendant reserves all objections to the relevancy or admissibility at trial, or in connection with any motion, hearing, or other proceeding, of any information provided herein.

13.     Defendant objects to each and every Request and definition to the extent that it is vague, ambiguous, uncertain or compound and thus would require Defendant to speculate as to its meaning, would not enable Defendant to adequately respond, or could lead to a confusing, misleading, inaccurate, or incomplete response.

14.     Defendant further objects to Plaintiff's definition of the phrase "legal framework" to the extent Plaintiff defines that phrase to include the manner in which any relevant statutes, regulations, rules, policies, or procedures are implemented.  To the extent Plaintiff defines the phrase "legal framework" to include "the manner implemented," this definition seeks information not relevant to any claim or defense in this action and is vague, overbroad, unduly burdensome, not proportionate to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case.  Without waiving any of these objections, Defendant interprets the phrase "legal framework" to mean "statutes, regulations, rules, written policies, and written procedures."

15.     Defendant objects to each and every Request as overbroad, unduly burdensome, and not proportional to the needs of the case because the Requests are outside the scope of discovery to which Plaintiff and Defendant previously agreed.  Over the course of several months, Defendant negotiated with Plaintiff in good faith to identify mutually acceptable discovery topics *precisely* so that the parties could avoid inefficient and time-consuming discovery practice.  By propounding discovery requests outside the scope of the parties' agreement—and, in many cases, beyond even what Plaintiff initially requested in his November 15, 2024 proposal—Plaintiff disregards the parties' good-faith agreement and, by definition, seeks information that is overbroad, unduly burdensome, and disproportionate to the needs of the case.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe the legal framework governing the hiring and appointment of the Hearing Officer assigned to PCAOB No. 105-2022-0006.

**RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates its General Objections as though fully set forth herein. For example, Defendant incorporates each and every objection to the definition of the phrase "legal framework" and interprets the phrase "legal framework" to mean "statutes, regulations, rules, written policies, and written procedures." Defendant objects to this Request as vague and ambiguous, including as to the meaning of "governing the hiring and appointment," and on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant objects to this Request to the extent it calls for a legal conclusion as to what statutes, regulations, rules, policies, and procedures "govern[]" the Hearing Officer's hiring and appointment. Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Hearing officers of the Public Company Accounting Oversight Board are appointed by the Board, subject to the approval of the Securities and Exchange Commission (the "Commission"). *See* 17 C.F.R. § 202.150; PCAOB Bylaws Art. 6.3(d); *PCAOB OHO Charter* at 1 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4; *see also* PCAOB Bylaws Art. 4.3 (explaining that "[a] majority of the members of the Governing Board shall constitute a quorum"); PCAOB Bylaws Art. 4.4 (explaining that any act "authorized by majority vote of the members of the Governing Board present at a meeting of the Governing Board at which a quorum is present" "shall be an act by vote of the Governing Board"); PCAOB Rule 1001(h)(i) (defining "hearing officer" to mean "a person, other than a Board member or staff of the interested division, appointed in accordance with Article

6

6.3 of the Board's bylaws to preside at hearings"); *Bylaw and Rule Amendments To Provide That the PCAOB's Appointment and Removal of its Hearing Officers Are Subject to Commission Approval*, PCAOB Release No. 2019-001 (Jan. 29, 2019), https://assets.pcaobus.org/pcaob-dev/docs/default-source/rulemaking/docket045/release-2019-001-bylaws-amendments.pdf?sfvrsn=c56b2753_0. Because the Board may appoint hearing officers only with the approval of the Commission, any such appointment is subject to a vote of each body. *PCAOB OHO Charter* at 2.

**INTERROGATORY NO. 2:**

Describe the restrictions, if any, on the Board's ability to remove the Hearing Officer assigned to PCAOB No. 105-2022-0006.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request as vague and ambiguous, including as to the meaning of "restrictions" and "to remove." Defendant interprets the word "restrictions" to mean the statutes, regulations, rules, written policies, and written procedures, if any, that restrict the Board's ability to remove the Hearing Officer assigned to PCAOB No. 105-2022-0006. Defendant interprets the phrase "to remove" to mean to remove the Hearing Officer from office, including by terminating his or her employment. Defendant objects to this Request on grounds that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request to the extent it calls for a legal conclusion as to what statutes, regulations, rules, written policies, and written procedures "restrict[]" the Board's ability to remove the Hearing Officer assigned to PCAOB No. 105-2022-0006. Additionally, Defendant objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected

materials or a third party's confidential, privileged, or protected information.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

The Hearing Officer assigned to PCAOB No. 105-2022-0006 (the "Hearing Officer") was hired in 2013 as an at-will employee of the Board.  The Hearing Officer's offer letter stated that the Board "may terminate your employment at any time for any lawful reason, or for no reason." The Hearing Officer's at-will status has not changed.  Under the Board's current bylaws, the Hearing Officer is removable at-will by a majority of the Board, subject to approval by the Securities and Exchange Commission.  *See* PCAOB Bylaws Art. 6.3(d); *see also* PCAOB Bylaws Arts. 4.3, 4.4; 17 C.F.R. § 202.150; *Bylaw and Rule Amendments To Provide That the PCAOB's Appointment and Removal of its Hearing Officers Are Subject to Commission Approval*, PCAOB Release No. 2019-001 (Jan. 29, 2019), https://assets.pcaobus.org/pcaob-dev/docs/default-source/rulemaking/docket045/release-2019-001-bylaws-amendments.pdf?sfvrsn= c56b2753_0.  Because the Board may remove hearing officers only with the approval of the Commission, any such removal is subject to a vote of each body.  *PCAOB OHO Charter* at 2.

Under the Hearing Officer Charter adopted by the Board on March 25, 2021, "The Board may not seek to remove a hearing officer for invidious reasons otherwise prohibited by law or to influence the outcome of a proceeding."  *PCAOB OHO Charter* at 3 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4 (footnote removed).  The Charter specifies that the term "invidious reasons" includes "any removal on the basis of race, color, religion, sex, or national origin."  *Id.* n.13.  District of Columbia law protections afforded to at-will employees, if any, apply to the Hearing Officer's employment.

**INTERROGATORY NO. 3:**

Describe the restrictions, if any, on the Board's ability to terminate the employment of the Hearing Officer assigned to PCAOB No. 105-2022-0006.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request as vague and ambiguous, including as to the meaning of "restrictions, if any." Defendant interprets this phrase to mean the statutes, regulations, rules, written policies, and written procedures, if any, that restrict the Board's ability to terminate the employment of the Hearing Officer assigned to PCAOB No. 105-2022-0006. Defendant objects to this Request on grounds that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request to the extent it calls for a legal conclusion as to what statutes, regulations, rules, written policies, and written procedures "restrict[]" the Board's ability to terminate the employment of the Hearing Officer assigned to PCAOB No. 105-2022-0006. Additionally, Defendant objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. Defendant objects to this Request on the grounds that it is duplicative of Interrogatory No. 2. Subject to and without waiving the foregoing objections, Defendant responds as follows:

The Hearing Officer assigned to PCAOB No. 105-2022-0006 (the "Hearing Officer") was hired in 2013 as an at-will employee of the Board. The Hearing Officer's offer letter stated that the Board "may terminate your employment at any time for any lawful reason, or for no reason." The Hearing Officer's at-will status has not changed. Under the Board's current bylaws, the Hearing Officer is removable at-will by a majority of the Board, subject to approval by the

Securities and Exchange Commission. *See* PCAOB Bylaws Art. 6.3(d); *see also* PCAOB Bylaws Arts. 4.3, 4.4; 17 C.F.R. § 202.150; *Bylaw and Rule Amendments To Provide That the PCAOB's Appointment and Removal of its Hearing Officers Are Subject to Commission Approval*, PCAOB Release No. 2019-001 (Jan. 29, 2019), https://assets.pcaobus.org/pcaob-dev/docs/default-source/rulemaking/docket045/release-2019-001-bylaws-amendments.pdf?sfvrsn=c56b2753_0. Because the Board may remove hearing officers only with the approval of the Commission, any such removal is subject to a vote of each body. *PCAOB OHO Charter* at 2.

Under the Hearing Officer Charter adopted by the Board on March 25, 2021, "The Board may not seek to remove a hearing officer for invidious reasons otherwise prohibited by law or to influence the outcome of a proceeding." *PCAOB OHO Charter* at 3 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4 (footnote removed). The Charter specifies that the term "invidious reasons" includes "any removal on the basis of race, color, religion, sex, or national origin." *Id.* n.13. District of Columbia law protections afforded to at-will employees, if any, apply to the Hearing Officer's employment.

**INTERROGATORY NO. 4:**

Provide the text, if any, of oath(s) of office required to be taken by the Hearing Officer assigned to PCAOB No. 105-2022-006.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request to the extent it calls for a legal conclusion, and on the grounds that that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request to the extent that it seeks a response that would require

disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

The Hearing Officer assigned to PCAOB No. 105-2022-0006 took the following oath, which was administered by the Chief Accountant of the United States Securities and Exchange Commission:

> I, Marc B. Dorfman, a hearing officer of the Public Company Accounting Oversight Board, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of my office.  So help me God.

**INTERROGATORY NO. 5:**

Provide the text, if any, of oath(s) of office required to be taken by Division of Enforcement and Investigations ("DEI") staff who have worked on PCAOB No. 105-OFI-2021-002, PCAOB No. 105-2022-034, or PCAOB No. 105-2022-006.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request to the extent it calls for a legal conclusion.  Defendant further objects to this Request on the grounds that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because Plaintiff's claims pertain only to disciplinary proceedings (not to any investigation that may have been conducted by DEI staff prior to the institution of those proceedings) and because the complaint does not allege that Plaintiff was a respondent in PCAOB No. 105-2022-034.  Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and

protected materials or a third party's confidential, privileged, or protected information.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

Division of Enforcement and Investigations staff who have worked on PCAOB No. 105-OFI-2021-002, PCAOB No. 105-2022-034, or PCAOB No. 105-2022-006 were not required to take oath(s) of office.

**INTERROGATORY NO. 6:**

Describe, in general, the kind of supervision, if any, the Board and its DEI receive from the SEC in connection with a typical DEI investigation, including the frequency, timing, and extent of any SEC supervision regarding the following matters:

a.  Who is investigated
b.  The matters to be investigated
c.  From whom to seek evidence
d.  Whether such evidence is sought voluntarily or through Accounting Board Demands
e.  What evidence is sought
f.  Whether to issue a formal order of investigation
g.  What sanctions should be sought
h.  Whether to engage in settlement negotiations
i.  Whether to accept an offer of settlement
j.  What charges and sanctions to demand and accept in any settlement
k.  Whether to file an Order Instituting Proceedings
l.  What charges to include in an Order Instituting Proceedings

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meanings of "in general," "the kind of supervision," "in connection with," "typical . . . investigation," "frequency," "timing," "extent," "supervision," "regarding," "matters," "seek," "sought," "voluntarily," "engage in settlement negotiations," and "demand."  Defendant also objects to this Request because it calls for legal conclusions including, but not limited to, what conduct constitutes "supervision" and what constitutes a "typical" DEI investigation.  Additionally, Defendant objects that this Request

is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case, including because the Commission's authority to oversee the Board's enforcement activities, including investigations, is established by statute. *See, e.g.*, 15 U.S.C. § 7215(b)(4), (d), (e); *id.* § 7217; *id.* § 78q(a)(1), (b)(1); *see also United States v. Arthrex, Inc.*, 594 U.S. 1, 27 (2021). Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials, including material protected from disclosure by 15 U.S.C. § 7215(b)(5), or a third party's confidential, privileged, or protected information.

**INTERROGATORY NO. 7:**

Describe, in general, the kind of supervision, if any, that the Board, its DEI staff, and its Hearing Officer receive from the SEC in connection with a typical Board disciplinary proceeding, including the frequency, timing, and extent of any supervision regarding the following matters:

      a. Whether to assign the matter to a Hearing Officer for initial adjudication
      b. Whether to grant or deny interlocutory motions such as motions for summary disposition and motions in limine
      c. Whether to issue Accounting Board Demands in connection with disciplinary proceedings
      d. What witnesses DEI will present
      e. What evidence DEI will present
      f. Whether to engage in settlement negotiations
      g. What charges and sanctions to demand and accept in any settlement
      h. Whether DEI will appeal any unfavorable rulings by the Hearing Officer to the Board

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request as vague and ambiguous, including as to the meanings of "in general," "the kind of supervision," "in connection with," "typical Board disciplinary proceeding," "frequency," "timing," "extent," "supervision," "regarding," "matter(s)," "interlocutory motions," "engage in settlement negotiations," "demand," and "unfavorable rulings." Defendant also objects to this

13

Request because it calls for legal conclusions including, but not limited to, what conduct constitutes "supervision" and what constitutes a "typical" Board disciplinary proceeding. Additionally, Defendant objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case, including because the Commission's authority to oversee the Board's enforcement activities, including disciplinary proceedings, is established by statute. *See, e.g.*, 15 U.S.C. § 7215(b)(4), (d), (e); *id.* § 7217; *id.* § 78q(a)(1), (b)(1); *see also United States v. Arthrex, Inc.*, 594 U.S. 1, 27 (2021). Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials, including material protected from disclosure by 15 U.S.C. § 7215(b)(5), or a third party's confidential, privileged, or protected information.

**INTERROGATORY NO. 8:**

Describe, in general, the kind of supervision, if any, the DEI receives from the Board in connection with a typical DEI investigation, including the frequency, timing, and extent of any Board supervision regarding the following matters:

      a. Who is investigated
      b. The matters to be investigated
      c. From whom to seek evidence
      d. Whether such evidence is sought voluntarily or through Accounting Board Demands
      e. What evidence is sought
      f. Whether to issue a formal order of investigation
      g. What sanctions should be sought
      h. Whether to engage in settlement negotiations
      i. Whether to accept an offer of settlement
      j. What charges and sanctions to demand and accept in any settlement
      k. Whether to file an Order Instituting Proceedings
      l. What charges to include in an Order Instituting Proceedings
      m. Whether to file an Order Instituting Proceedings at the same time the SEC files an enforcement action against the same accounting firm and/or person associated with an accounting firm and for the same or similar violations

14

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meanings of "in general," "the kind of supervision," "in connection with," "typical . . . investigation," "frequency," "timing," "extent," "supervision," "regarding," "matters," "seek," "sought," "voluntarily," "engage in settlement negotiations," "demand," "at the same time," and "same or similar violations." Defendant also objects to this Request because it calls for legal conclusions including, but not limited to, what conduct constitutes "supervision" and what constitutes a "typical" DEI investigation.  Additionally, Defendant objects that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case, including because the Board's authority to oversee Division of Enforcement and Investigations is established by the Bylaws and Rules of the PCAOB. Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials, including material protected from disclosure by 15 U.S.C. § 7215(b)(5), or a third party's confidential, privileged, or protected information.

**INTERROGATORY NO. 9:**

State whether the SEC supervised the investigation PCAOB No. 105-OFI-2021-002, and if so, how.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request

if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 10:**

State whether the SEC supervised PCAOB No. 105-2022-034, and if so, how.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 11:**

State whether the SEC supervised PCAOB No 105-2022-0006, and if so, how.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 12:**

State whether the SEC has ever reviewed the Board's enforcement program as part of its oversight and, if so, what were the results and what remedial steps, if any, did the PCAOB take in response to the SEC's review?

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request

if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 13:**

Describe the communications between the Board or its Staff, on the one hand, and the SEC or its Staff, on the other hand, concerning PCAOB No. 105-OFI-2021-002, PCAOB No. 105-2022-034, or PCAOB No. 105-2022-0006.

**RESPONSE TO INTERROGATORY NO. 13:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request because it calls for documents or information that are confidential and privileged, and consequently protected from disclosure, by 15 U.S.C. § 7215(b)(5); *see* Tr. (Jan. 10, 2025) 18-27. The Court has already ruled that, at minimum, Plaintiff must submit briefing to the Court on this Request before Defendant could be obligated to provide a response. *See* Tr. (Jan. 10, 2025) 25, 27. Defendant also objects to this Request as vague and ambiguous, and on the ground that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case. Additionally, Defendant objects because this Request calls for a legal conclusion as to which communications "concern[]" the identified proceedings. Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

**INTERROGATORY NO. 14:**

Provide a list of Orders Instituting Proceedings ("OIP") issued under PCAOB Rule 5200(a), to the extent not already publicly available on the Board's website, with the following summary information:

      a. PCAOB Docket Number
      b. Date of OIP
      c. Date of Initial Decision
      d. Whether Initial Decision on liability was favorable to the Respondent in whole, the Enforcement Division in whole, or split
      e. Whether Initial Decision on sanctions was favorable to the Respondent in whole, the Enforcement Division in whole, or split
      f. Date of Rule 5460 Board review of Initial Decision, if any
      g. Date of Rule 5466 Board reconsideration, if any

**RESPONSE TO INTERROGATORY NO. 14:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects that this Request is not relevant to any claim or defense in this case, including because (i) the conditions under which a proceeding must remain non-public are defined by statute, *see* 15 U.S.C. § 7215(c), (d); and (ii) the factual incidence, prevalence, or details of such non-public proceedings, if any, have no bearing on Plaintiff's Due Process claim. *See* Tr. (Jan. 10, 2025) 32-41. The Court has already ruled that this Request is not ripe. *See id.* 39. Defendant also objects to this Request on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because the Request is unbounded as to time and would require Defendant to compile information in a manner that is not maintained in the ordinary course of its business and/or to create documents that do not already exist. Defendant further objects to this Request as vague and ambiguous, including as to the meaning of "favorable," "in whole," and "split," and because it calls for a legal conclusion regarding (i) to whom and (ii) to what extent a given Order Instituting Proceedings is "favorable." Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

**INTERROGATORY NO. 15:**

State the number of Disciplinary Proceedings instituted since August 30, 2004.

**RESPONSE TO INTERROGATORY NO. 15:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 16:**

State whether a respondent in a Disciplinary Hearing has ever consented to a public hearing under 15 U.S.C. § 7215(c)(2), and if so, provide the PCAOB docket number and date of the Order Instituting Proceedings of any such proceeding.

**RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**INTERROGATORY NO. 17:**

State the number of nonpublic orders issued by the Board and its Hearing Officers in Disciplinary Proceedings since August 30, 2004.

**RESPONSE TO INTERROGATORY NO. 17:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

## OBJECTIONS AND RESPONSES TO
## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the SEC took no action to approve the Order of Formal Investigation issued by the Board in PCAOB No. 105-OFI-2021-002 before issuance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the SEC took no action to approve the Accounting Board Demands issued in PCAOB No. 105-OFI-2021-002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the SEC took no action to approve the Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions, PCAOB No. 105-2022-034, before its issuance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the SEC took no action to approve the Order Instituting Disciplinary Proceedings, PCAOB No. 105-2022-006, before its issuance.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Hearing Officers presiding over Board Disciplinary Proceedings have issued non-public decisions interpreting PCAOB Rules.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meaning of "interpreting" and "PCAOB Rules."  Defendant interprets the phrase "PCAOB Rules" to mean the Rules of the Public Company Accounting Oversight Board as adopted by the Board and approved by the Securities and Exchange Commission.  Defendant objects to this Request to the extent it calls for a legal conclusion as to whether a non-public decision "interpret[s]" PCAOB Rules, and interprets the

word "interpreting" to mean "citing, applying, or otherwise referring to."  Additionally. Defendant

objects to this Request on the ground that this Request is overbroad, unduly burdensome, not

proportional to the needs of the case, and not reasonably tailored to lead to information relevant to

the claims and defenses in this case.  Defendant also objects to this Request to the extent that it

seeks a response that would require disclosing, directly or indirectly, privileged and protected

materials or a third party's confidential, privileged, or protected information.  *See* 15 U.S.C.

§ 7215(c)(2).

Subject to and without waiving the foregoing objections, Defendant admits that Hearing

Officers presiding over Board Disciplinary Proceedings have issued non-public decisions citing,

applying, or otherwise referring to PCAOB Rules.  However, neither the Board nor PCAOB

hearing officers have a practice of citing such decisions in their decisions in litigated proceedings

involving different respondents, nor does DEI staff have a practice of citing such decisions in its

briefing in litigated proceedings involving different respondents.

**REQUEST FOR ADMISSION NO. 6:**

Admit that Hearing Officers presiding over Disciplinary Proceedings have issued non-

public decisions interpreting the federal securities law and SEC rules.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant

objects to this Request as vague and ambiguous, including as to the meaning of "interpreting,"

"federal securities law," and "SEC rules."  Defendant interprets the phrase "federal securities law"

to mean the Sarbanes-Oxley Act of 2002 and/or any statute administered by the Securities and

Exchange Commission.  Defendant interprets the phrase "SEC rules" to mean any final rule

codified in the Code of Federal Regulations and administered by the Securities and Exchange

Commission.  Defendant objects to this Request to the extent it calls for a legal conclusion as to whether a non-public decision "interpret[s]" the federal securities law and/or SEC rules, and interprets the word "interpreting" to mean "citing, applying, or otherwise referring to." Additionally, Defendant objects to this Request on the ground that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case.  Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.  *See* 15 U.S.C. § 7215(c)(2).

Subject to and without waiving the foregoing objections, Defendant admits that Hearing Officers presiding over Board Disciplinary Proceedings have issued non-public decisions citing, applying, or otherwise referring to the federal securities law and SEC rules.   However, neither the Board nor PCAOB hearing officers have a practice of citing such decisions in their decisions in litigated proceedings involving different respondents, nor does DEI staff have a practice of citing such decisions in its briefing in litigated proceedings involving different respondents.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Hearing Officers presiding over Disciplinary Proceedings have issued non-public decisions concerning procedural law.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meaning of "procedural law." Defendant interprets the phrase "procedural law" to mean procedures governing Board investigations and/or adjudications.  Defendant objects to this Request to the extent it calls for a

legal conclusion as to whether a non-public decision "concern[s]"—that is, "refer[s] to," "describ[es]," "evidenc[es]," or "constitut[es]"—a "procedural law." Additionally, Defendant objects to this Request on the ground that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case. Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. *See* 15 U.S.C. § 7215(c)(2).

Subject to and without waiving the foregoing objections, Defendant admits that Hearing Officers presiding over Board Disciplinary Proceedings have issued non-public decisions concerning procedural law. However, neither the Board nor PCAOB hearing officers have a practice of citing such decisions in their decisions in litigated proceedings involving different respondents, nor does DEI staff have a practice of citing such decisions in its briefing in litigated proceedings involving different respondents.

**REQUEST FOR ADMISSION NO. 8:**

Admit that DEI staff has discretion as to whether to appeal a non-public decision of a Hearing Officer to the Board.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15. Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the public and Board respondents have no access to non-public decisions issued by the Board or its hearing officers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meaning of "the public," and "no access," and on the ground that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case.  Defendant objects to this Request to the extent it calls for a legal conclusion as to what constitutes "access" to non-public decisions. Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

Subject to and without waiving the foregoing objections, Defendant admits that non-public decisions issued by the Board or its hearing officers are not, as a general matter, available to the public.  Defendant admits that non-public decisions are not available to respondents in proceedings before the Board unless such non-public decisions are made available to respondents pursuant to PCAOB Rule 5422.

**REQUEST FOR ADMISSION NO. 10:**

Admit that DEI staff has access to all decisions issued by the Board and its hearing officers, including those that remain non-public.

25

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meaning of "all decisions," and on the ground that this Request is overbroad, unduly burdensome, not proportional to the needs of the case, and not reasonably tailored to lead to information relevant to the claims and defenses in this case.  Defendant objects to this Request to the extent it calls for a legal conclusion as to what constitutes "access" to decisions.  Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

Subject to and without waiving the foregoing objections, Defendant admits that DEI staff may obtain any decision issued by the Board and its hearing officers, including those that remain non-public.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions, PCAOB No. 105-2022-034, contains findings of the Board concerning factual and legal issues that are alleged by the DEI in the Order Instituting Disciplinary Proceedings, PCAOB No. 105-2022-006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 12:**

Admit that before issuing the Order Instituting Disciplinary Proceedings, PCAOB No. 105-2022-006, the Board communicated with DEI about the facts alleged in the Order.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**REQUEST FOR ADMISSION NO. 13:**

Admit that the communications referenced in Request for Admission No. 12, if any, were not made available to Plaintiff Doe or his counsel under PCAOB Rule 5422 or otherwise.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendant incorporates its General Objections as though fully set forth herein, including General Objection 15.  Defendant reserves the right to make additional objections to this Request if Plaintiff persists in seeking information outside the scope of the discovery topics to which the parties previously agreed.

**OBJECTIONS AND RESPONSES TO
REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Produce all documents concerning the hiring and appointment of the Hearing Officer assigned to PCAOB No. 105-2022-006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects to this Request as vague and ambiguous, including as to the meaning of "concerning the

hiring and appointment," and because this Request calls for a legal conclusion as to which documents "concern[]" the hiring and appointment of the Hearing Officer assigned to PCAOB No. 105-2022-006.  Defendant also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not reasonably targeted in scope or seeks information not relevant to any claim or defense and because it is duplicative of Interrogatory No. 1.  Defendant also objects to this Request to the extent that it is seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all written policies and procedures concerning performance reviews of the Hearing Officer assigned to PCAOB No. 105-2022-006.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant incorporates its General Objections as though fully set forth herein.  Defendant objects that this Request is vague and ambiguous as to the phrases "policies and procedures" and "performance reviews."  Additionally, Defendant objects because this Request calls for a legal conclusion as to which policies and procedures "concern[]" performance reviews of the Hearing Officer assigned to PCAOB No. 105-2022-006.  Defendant also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not reasonably targeted in scope or seeks information not relevant to any claim or defense.  For example, documents concerning the process for conducting and delivering performance reviews of the Hearing Officer are not relevant to whether the Board's disciplinary proceedings deny Plaintiff an "impartial tribunal."  Tr. (Jan. 10, 2025), 41-44.  Defendant also objects to this Request to the extent that it is seeks a response that would require disclosing, directly or indirectly,

privileged and protected materials or a third party's confidential, privileged, or protected information.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding whether this Request could be answered if propounded in the form of an appropriately scoped interrogatory or interrogatories.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all written policies and procedures concerning the separation of the prosecutorial and quasi-judicial functions of the Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects that this Request is vague and ambiguous as to the phrases "policies and procedures," "separation," "prosecutorial . . . functions," and "quasi-judicial functions." Additionally, Defendant objects because this Request calls for a legal conclusion as to which policies and procedures "concern[]" a "separation" of "functions," and which functions qualify as "prosecutorial" and/or "quasi-judicial." Defendant also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not reasonably targeted in scope or seeks information not relevant to any claim or defense. For example, at the January 10, 2025 status conference, counsel for Plaintiff stated that "[w]e just want to know" the Board's "polices and procedures to prevent the premature evaluation of evidence and facts prior to serving [a] quasi-judicial function." Tr. (Jan. 10, 2025), 42. Defendant also objects to this Request to the extent that it is seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.

Subject to and without waiving the foregoing objections, Defendant is willing to meet and confer with Plaintiff regarding whether this Request could be answered if propounded in the form of an appropriately scoped interrogatory or interrogatories.

DATED: February 11, 2025                    Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr. (DC Bar # 420434)
Elaine J. Goldenberg (DC Bar # 478383)
Ginger D. Anders (DC Bar # 494471)
Rachel G. Miller-Ziegler (DC Bar # 229956)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Fax: (202) 220-1100

Jeffrey A. Lamken (DC Bar # 440547)
Robert K. Kry (DC Bar # 490545)
MOLOLAMKEN LLP
600 New Hampshire Ave. NW, Suite 500
Washington, DC 20037
Telephone: (202) 556-2000

*Attorneys for Defendant Public Company*
*Accounting Oversight Board*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of February, 2025, a copy of the foregoing was served via email, on the following:

Russell G. Ryan
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210

Ian D. Roffman
Melanie V. Woodward
NUTTER, McCLENNEN & FISH LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
Telephone: (617) 439-2421

DATED: February 11, 2025                    */s/ Donald B. Verrilli, Jr.*
                                            Donald B. Verrilli, Jr.