# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

        *Plaintiff*,

v.

PUBLIC COMPANY ACCOUNTING
OVERSIGHT BOARD,

        *Defendant*.

Civil Action No. 1:24-cv-780-ACR

### DEFENDANT PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26, 34, and 36 of the Federal Rules of Civil Procedure, the Public Company Accounting Oversight Board ("Board" or "Defendant") submits the following supplemental objections and responses to John Doe's ("Doe" or "Plaintiff") First Set of Interrogatories, Requests for Production, and Requests for Admission to Defendant (the "Requests").

Defendant's investigation concerning the litigation is continuing and ongoing. Defendant's objections and responses are based on Defendant's current knowledge, understanding, and belief as to the information and documents reasonably available to Defendant in the ordinary course of its business as of the date of these responses. Moreover, these responses were prepared based on Defendant's good-faith interpretation and understanding of the individual Requests and are subject to correction for, among other reasons, inadvertent errors or omissions, if any. Without obligating itself to do so, Defendant reserves the right to change or supplement these responses as

1

additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that may apply.

By responding to these Requests, Defendant does not concede that any Request seeks information that is relevant to a claim or defense in this case, nor that it seeks information that is reasonably tailored to lead to information relevant to the claims and defenses in this case. These responses are further given without prejudice to Defendant's right to object on any basis to the introduction of any or all of the responses to these Requests at the time of any trial or in connection with any motion, hearing, or other proceeding. These responses are made solely for the purpose of, and in relation to, this action.

Defendant incorporates as though fully set forth herein its General Objections, as set forth in Defendant's February 11, 2025 Objections and Responses to Plaintiff's First Set Of Discovery Requests.

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Describe the legal framework governing the hiring and appointment of the Hearing Officer assigned to PCAOB No. 105-2022-0006.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Defendant incorporates its General Objections as though fully set forth herein. For example, Defendant incorporates each and every objection to the definition of the phrase "legal framework" and interprets the phrase "legal framework" to mean "statutes, regulations, rules, written policies, and written procedures." Defendant objects to this Request as vague and ambiguous, including as to the meaning of "governing the hiring and appointment," and on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of

2

the case.  Defendant objects to this Request to the extent it calls for a legal conclusion as to what statutes, regulations, rules, policies, and procedures "govern[]" the Hearing Officer's hiring and appointment.  Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information.  Subject to and without waiving the foregoing objections, Defendant responds as follows:

Hearing officers of the Public Company Accounting Oversight Board are appointed by the Board, subject to the approval of the Securities and Exchange Commission (the "Commission"). *See* 17 C.F.R. § 202.150; PCAOB Bylaws Art. 6.3(d); *PCAOB OHO Charter* at 1 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4; *see also* PCAOB Bylaws Art. 4.3 (explaining that "[a] majority of the members of the Governing Board shall constitute a quorum"); PCAOB Bylaws Art. 4.4 (explaining that any act "authorized by majority vote of the members of the Governing Board present at a meeting of the Governing Board at which a quorum is present" "shall be an act by vote of the Governing Board"); PCAOB Rule 1001(h)(i) (defining "hearing officer" to mean "a person, other than a Board member or staff of the interested division, appointed in accordance with Article 6.3 of the Board's bylaws to preside at hearings"); *Bylaw and Rule Amendments To Provide That the PCAOB's Appointment and Removal of its Hearing Officers Are Subject to Commission Approval*, PCAOB Release No. 2019-001 (Jan. 29, 2019), https://assets.pcaobus.org/pcaob-dev/docs/default-source/rulemaking/docket045/release-2019-001-bylaws-amendments.pdf?sfvrsn=c56b2753_0.  Because the Board may appoint hearing officers only with the approval of the Commission, any such appointment is subject to a vote of each body.  *PCAOB OHO Charter* at 2.  The Hearing Officer assigned to PCAOB No. 105-2022-0006 was appointed

3

in conformance with the foregoing procedures. Specifically, the Board approved the Hearing Officer's appointment on February 5, 2019, and the Commission approved that appointment on March 27, 2019. The Hearing Officer was subsequently sworn in on April 8, 2019. *See Marc B. Dorfman Sworn in as the PCAOB's Chief Hearing Officer*, https://pcaobus.org/news-events/news-releases/news-release-detail/marc-b-dorfman-sworn-in-as-the-pcaob-s-chief-hearing-officer_699 (Apr. 8, 2019) ("The Public Company Accounting Oversight Board today announced that Marc B. Dorfman was sworn in at the Securities and Exchange Commission as the PCAOB's Chief Hearing Officer. The ceremony follows the Commission's approval of the Board's appointment of Mr. Dorfman, pursuant to recent rulemaking.").

**INTERROGATORY NO. 16:**

State whether a respondent in a Disciplinary Hearing has ever consented to a public hearing under 15 U.S.C. § 7215(c)(2), and if so, provide the PCAOB docket number and date of the Order Instituting Proceedings of any such proceeding.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects that this Request is not relevant to any claim or defense in this case, including because the factual incidence, prevalence, or details of non-public proceedings, if any, have no bearing on Plaintiff's Due Process claim. *See* Tr. (Jan. 10, 2025) 32-41. Defendant also objects to this Request on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because the Request is unbounded as to time and requires Defendant to compile information in a manner that is not maintained in the ordinary course of its business and/or to create documents that do not already exist. Defendant further objects to this Request as vague and ambiguous, including as to the meaning of "consented to" and "under 15

4

U.S.C. § 7215(c)(2)." Pursuant to 15 U.S.C. § 7215(c)(2), a hearing may be public if both "ordered by the Board for good cause shown" and "with the consent of the parties to such hearing." Defendant interprets the phrase "a respondent in a Disciplinary Hearing has ever consented to a public hearing under 15 U.S.C. § 7215(c)(2)" to mean "a public Disciplinary Hearing has ever been held pursuant to 15 U.S.C. § 7215(c)(2), with the consent of the respondent." Defendant also objects to this Request to the extent that it seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. Subject to and without waiving the foregoing objections, Defendant responds as follows:

No public hearings have ever been held pursuant to 15 U.S.C. § 7215(c)(2).

**SUPPLEMENTAL INTERROGATORY NO. 18:**

State whether performance reviews of the Hearing Officer assigned to PCAOB No. 105-2022-006 may take into account the outcomes of proceedings to which the Hearing Officer has been assigned.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 18:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request as vague and ambiguous, including as to the meaning of the phrases "performance reviews," "take into account," and "outcomes," and on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request to the extent that it is seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. Subject to and without waiving the foregoing objections, Defendant responds as follows:

5

Under the Hearing Officer Charter adopted by the Board on March 25, 2021, "Outcomes of proceedings shall not be considered when evaluating the performance or determining the compensation of hearing officers and other [Office of Hearing Officers] staff." *PCAOB OHO Charter* at 3 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4. The Charter further provides that "[n]o Board member or staff shall attempt to improperly influence, or engage in conduct that could reasonably be perceived as attempting to improperly influence, a hearing officer's decision in any proceeding." *Id.*

**SUPPLEMENTAL INTERROGATORY NO. 19:**

Describe the protocols that the Board has adopted, if any, to separate the Board's prosecutorial and quasi-judicial functions.

**RESPONSE TO SUPPLEMENTAL INTERROGATORY NO. 19:**

Defendant incorporates its General Objections as though fully set forth herein. Defendant objects to this Request because it is vague and ambiguous, including as to the meaning of the phrases "protocols," "separate," "prosecutorial … functions" and "quasi-judicial functions," and because this Request calls for a legal conclusion as to which protocols "separate" different "functions," and which functions qualify as "prosecutorial" and/or "quasi-judicial." Additionally, Defendant objects to this Request on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case. Defendant also objects to this Request to the extent that it is seeks a response that would require disclosing, directly or indirectly, privileged and protected materials or a third party's confidential, privileged, or protected information. Subject to and without waiving the foregoing objections, Defendant responds as follows:

Among other protocols, PCAOB Rules provide that "[t]he staff of the Division of Enforcement and Investigations may not participate or advise in the decision, or in Board review of the decision, in any proceeding in which the Division of Enforcement and Investigations is the interested division, except as a witness or counsel in the proceeding" and that "[a]ny other employee or agent of the Board engaged in the performance of investigative or prosecutorial functions for the Board in a proceeding may not, in that proceeding or one that is factually related, participate or advise in the decision, or in Board review of the decision, except as a witness or counsel in the proceeding."  PCAOB Rule 5200(d); *see also PCAOB OHO Charter* at 2 (Mar. 25, 2021), https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4 ("Neither staff of the Division of Enforcement and Investigations nor any other staff who engaged in investigative or prosecutorial functions in a proceeding set before a hearing officer may participate or advise in the initial decision in that proceeding, except as a witness or counsel in the proceeding.").  The PCAOB Rules further provide that "neither a party, nor any Board staff that substantially assists the interested division on the particular matter, whether before or during the hearing, may" either "(1) communicate with the person presiding over an evidentiary hearing on a fact in issue, unless on notice and opportunity for all parties to participate; or (2) communicate with the Board or any member of the Board on a fact in issue, unless on notice and opportunity for all parties to participate or under circumstances in which a party excluded from the communication has waived the rights described in Rule 5205(c)(3) with respect to the matters that are the subject of the communication."  PCAOB Rule 5403(b); *see also PCAOB OHO Charter* at 2 ("Hearing officers may not consult a person or party on a fact in issue, unless on notice and with opportunity for all parties to participate.  Likewise, no party, nor any Board staff that substantially assists the interested division on the particular matter,

7

whether before or during the hearing, may communicate with the hearing officer on a fact in issue, unless on notice and opportunity for all parties to participate."); PCAOB Rule 5205(c)(3) (addressing prejudgment waiver in the context of an offer of settlement).

Additionally, the Board's Ethics Code requires that "[n]o Board member or staff shall act in a manner, regardless of whether specifically prohibited by this Code, which might reasonably result in or reasonably create the appearance that the employee is," among other things, "losing independence or objectivity with respect to his or her work for the Board" or "adversely affecting the public confidence in, or the integrity, independence or objectivity of the Board." Ethics Code 3(b)(3), (4).

DATED: April 1, 2025                           Respectfully submitted,

/s/ Donald B. Verrilli, Jr.
Donald B. Verrilli, Jr. (DC Bar # 420434)
Elaine J. Goldenberg (DC Bar # 478383)
Ginger D. Anders (DC Bar # 494471)
Rachel G. Miller-Ziegler (DC Bar # 229956)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Fax: (202) 220-1100

Jeffrey A. Lamken (DC Bar # 440547)
Robert K. Kry (DC Bar # 490545)
MOLOLAMKEN LLP
600 New Hampshire Ave. NW, Suite 500
Washington, DC 20037
Telephone: (202) 556-2000

*Attorneys for Defendant Public Company Accounting Oversight Board*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2025, a copy of the foregoing was served via email, on the following:

Russell G. Ryan
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
Telephone: (202) 869-5210

Ian D. Roffman
Melanie V. Woodward
NUTTER, MCCLENNEN & FISH LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
Telephone: (617) 439-2421

DATED: April 1, 2025                                  */s/ Donald B. Verrilli, Jr.*
                                                    Donald B. Verrilli, Jr.