# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br><br>    *Defendant*. | Civil Action No. 1:24-cv-780-ACR |
| JOHN DOE,<br><br>    *Plaintiff*,<br><br>    v.<br><br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br><br>    *Defendant*. | Civil Action No. 1:25-cv-186-ACR<br>(consolidated with No. 1:24-cv-780 (lead)) |

**BOARD'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND COUNTER-STATEMENT OF DISPUTED FACTS**

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| 1.    Plaintiff Doe 1 is an accountant who previously worked as an auditor at an accounting firm ("Doe 1's Employer") registered with Defendant Public Company Accounting Oversight Board (the "Board"). (Compl., Doe 1 ECF No. 1, at ¶ 3.) | Admitted. |
| 2.    Plaintiff Doe 2 has no personal, professional, or other relationship with Doe 1, and is an accountant formerly employed by a different Board-registered accounting firm ("Doe 2 Employer"). (Compl., Doe 2 ECF No. 1, at ¶ 3.) | Admitted. |

1

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| 3.   The Board is a private, nonprofit corporation, headquartered in the District of Columbia. (Compl., Doe 2 ECF No. 1, at ¶ 4.) | Admitted that the Board is a nonprofit corporation headquartered in the District of Columbia.  The Sarbanes-Oxley Act provides that the "Board shall not be an agency or establishment of the United States Government" and that "[n]o member or person employed by, or agent for, the Board shall be deemed to be an officer or employee of or agent for the Federal Government by reason of such service."  15 U.S.C. § 7211(b). |
| | Denied that the Board is a "private" entity on the ground that whether the Board is "private" is a legal question.  *See, e.g.*, *Burt v. Nat'l Republican Club of Capitol Hill*, 828 F. Supp. 2d 115, 119 (D.D.C. 2011) (statement of material facts may not "merely repeat the complaint's allegations and [legal] conclusions" (alterations accepted)); *Lee v. Geren*, 480 F. Supp. 2d 198, 207 (D.D.C. 2007) (similar).  To the extent the question of whether the Board is "private" is a factual issue, denied.  *See, e.g.*, *Dep't of Transp. v. Ass'n of Am. Railroads*, 575 U.S. 43, 50 (2015); *Free Enter. Fund v. PCAOB*, 561 U.S. 477, 486 (2010); *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 399 (1995). |
| 4.   The Board is treated as "part of the government" for purposes of certain constitutional claims. (*Free Enter. Fund v. Pub. Co. Acct'g Oversight Bd.*, 561 U.S. 477, 486 (2010).) | The Board's governmental status is a legal question.  *See, e.g.*, *Burt*, 828 F. Supp. 2d at 119; *Lee*, 480 F. Supp. 2d at 207. |
| | To the extent Plaintiffs' statement is a factual rather than legal assertion, admitted that the Board is "part of the government" for constitutional purposes.  *See, e.g.*, *Dep't of Transp. v. Ass'n of Am. Railroads*, 575 U.S. at 50; *Free Enter. Fund v. PCAOB*, 561 U.S. at 486; *Lebron*, 513 U.S. at 399. |
| 5.   The individual Board members and the Board's other nearly 1,000 staff employees are private actors. (15 U.S.C. § 7211(b).) | Whether Board members and Board employees are "private actors" is a legal question.  *See, e.g.*, *Burt*, 828 F. Supp. 2d at 119; *Lee*, 480 F. Supp. 2d at 207. |

2

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| | To the extent Plaintiffs' statement is a factual rather than legal assertion, admitted that the Sarbanes-Oxley Act provides that "[n]o member or person employed by, or agent for, the Board shall be deemed to be an officer or employee of or agent for the Federal Government by reason of such service." 15 U.S.C. § 7211(b). |
| | Denied that Board members and Board employees are "private actors" for all purposes in all circumstances. *See, e.g.*, *Dep't of Transp. v. Ass'n of Am. Railroads*, 575 U.S. at 50; *Free Enter. Fund v. PCAOB*, 561 U.S. at 486; *Lebron*, 513 U.S. at 399. |
| 6. Every accounting firm—both foreign and domestic—that participates in auditing public companies or broker-dealers under the U.S. securities laws must register with the Board, pay annual fees, and comply with the Board's rules and oversight. (*Free Enter. Fund*, 561 U.S. at 484-85.) | Admitted. |
| 7. The Board's organization includes a Division of Enforcement and Investigations ("Enforcement Staff"), which is overseen by a Director of Enforcement and Investigations ("Enforcement Director"), who reports to the Board. (*See* Board Bylaws and Rules, Article VI.[1]) | Admitted. |
| 8. The Enforcement Director may undertake informal inquiries of Board-registered firms or individuals associated with such firms. (Board Rule 5100.) | Admitted. "The Director of Enforcement and Investigations may undertake an informal inquiry where it appears that, or to determine whether, an act or practice, or omission to act, by a registered public accounting firm, any associated person of that firm, or both, may violate - (1) any provision of the Act; (2) the Rules of the Board; (3) the provisions of the securities laws relating to the preparation and issuance of audit reports and the obligations |

---

[1] *Available at* https://assets.pcaobus.org/pcaob-dev/docs/default-source/rules/documents/rules-booklet898b4bd3-35e5-44af-a587-e28bdeccd3c4.pdf?sfvrsn=f953259d_2 (last visited Sept. 23, 2025).

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
|  | and liabilities of accountants with respect thereto, including the rules of the Commission issued under the Act; or (4) professional standards." PCAOB Rule 5100(a). "In an informal inquiry, the Director of Enforcement and Investigations may request documents, information or testimony from, or an interview with, any person," but compliance with such requests is not compulsory. PCAOB Rule 5100(b). |
| 9. The Enforcement Director may recommend that the Board issue an order of formal investigation of a Board-registered firm or an individual associated with such a firm. (Board Rule 5101.) | Admitted. "Upon the recommendation of the Director of Enforcement and Investigations or the Director of Registration and Inspections, or upon the Board's own initiative, or otherwise, the Board may issue an order of formal investigation when it appears that an act or practice, or omission to act, by a registered public accounting firm or any person associated with a registered public accounting firm may violate any provision of the Act, the Rules of the Board, the provisions of the securities laws relating to the preparation and issuance of audit reports and the obligations and liabilities of accountants with respect thereto, including the rules of the Commission issued under the Act, or professional standards." PCAOB Rule 5101(a)(1). |
| 10. In connection with such recommendations, Board members appointed by the Securities and Exchange Commission ("SEC") routinely receive and consider *ex parte* written communications from Enforcement Staff, and engage in *ex parte* oral discussions with Enforcement Staff, about the relevant facts and legal issues. (Exhibit A, Declaration of Robert H. Cox ("Cox Decl."), at ¶ 4.) | Admitted that Board members are appointed by the Securities and Exchange Commission. Admitted that, in the course of deciding whether to issue an order of formal investigation, Board members may receive written and/or oral communications from Division of Enforcement and Investigations ("DEI") staff regarding relevant facts and legal issues.<br><br>Denied that any such communications are "ex parte," as—by definition—any such communications occur before a disciplinary proceeding has been commenced. Save for exceptions inapplicable to Plaintiffs' |

4

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| | proceedings, the Board's rules prohibit the Board from engaging in "ex parte" communications after a disciplinary proceeding has been commenced. *See* PCAOB Rule 5200(d) ("The staff of the Division of Enforcement and Investigations may not participate or advise in the decision, or in Board review of the decision, in any proceeding in which the Division of Enforcement and Investigations is the interested division, except as a witness or counsel in the proceeding. Any other employee or agent of the Board engaged in the performance of investigative or prosecutorial functions for the Board in a proceeding may not, in that proceeding or one that is factually related, participate or advise in the decision, or in Board review of the decision, except as a witness or counsel in the proceeding."); PCAOB Rule 5403(b)(2) ("Except to the extent permitted for the disposition of ex parte matters as authorized by law or the Board's Rules," "neither a party, nor any Board staff that substantially assists the interested division on the particular matter, whether before or during the hearing, may … communicate with the Board or any member of the Board on a fact in issue, unless on notice and opportunity for all parties to participate or under circumstances in which a party excluded from the communication has waived the rights described in Rule 5205(c)(3) with respect to the matters that are the subject of the communication."); PCAOB Rule 1001(p)(v) (defining "party" to "mean[] the interested division, any person named as a respondent in an order instituting proceedings or notice of a hearing, any applicant named in the caption of any order, or any person seeking Board review of a decision"). |
| 11.    The aforementioned *ex parte* written communications are not disclosed to the accountants and firms who will be | Admitted that if, in the course of deciding whether to issue an order of formal investigation, Board members receive written |

5

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| investigated, and those accountants and firms are not invited to attend or participate in, and do not attend or participate in, the *ex parte* oral discussions between DEI staff and the Board members. (Exhibit A, Cox Decl., at ¶ 5.) | and/or oral communications from DEI staff regarding relevant facts and legal issues, the contents of any such written communications are not disclosed to the potential subjects of those investigations, and that the potential subjects of those investigations are not invited to attend or participate in, and do not attend or participate in, any such oral communications.<br><br>Denied that any such communications are "ex parte." *See* ¶ 10, *supra*.<br><br>The subjects of an informal inquiry or formal investigation may submit a written statement to the Board "setting forth their interests and positions in regard to the subject matter of the investigation." PCAOB Rule 5109(d). "In the event a recommendation for the commencement of a disciplinary proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Board in conjunction with the staff recommendation." *Id.* |
| 12.   Enforcement Staff that conducts an investigation of a Board-registered firm or an individual associated with a registered firm may make a recommendation to the Board that it initiate a disciplinary proceeding against that firm or individual. (Board Rule 5109(d).) | Admitted. |
| 13.   In connection with such recommendations, the SEC-appointed Board members routinely receive and consider *ex parte* written communications from Enforcement Staff, and engage in *ex parte* oral discussions with Enforcement Staff, about the relevant facts and legal issues. (Exhibit A, Cox Decl., at ¶ 4; s*ee* Board Rule 5109(d).) | Admitted that Board members are appointed by the Securities and Exchange Commission. Admitted that, in the course of deciding whether to commence a disciplinary proceeding, Board members may receive written and/or oral communications from DEI staff regarding relevant facts and legal issues.<br><br>Denied that any such communications are "ex parte," as—by definition—any such communications occur before a disciplinary proceeding has been commenced. Save for exceptions inapplicable to Plaintiffs' proceedings, the Board's rules prohibit the |

6

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| | Board from engaging in "ex parte" communications after a disciplinary proceeding has been commenced. *See* PCAOB Rule 5200(d) ("The staff of the Division of Enforcement and Investigations may not participate or advise in the decision, or in Board review of the decision, in any proceeding in which the Division of Enforcement and Investigations is the interested division, except as a witness or counsel in the proceeding. Any other employee or agent of the Board engaged in the performance of investigative or prosecutorial functions for the Board in a proceeding may not, in that proceeding or one that is factually related, participate or advise in the decision, or in Board review of the decision, except as a witness or counsel in the proceeding."); PCAOB Rule 5403(b)(2) ("Except to the extent permitted for the disposition of ex parte matters as authorized by law or the Board's Rules," "neither a party, nor any Board staff that substantially assists the interested division on the particular matter, whether before or during the hearing, may … communicate with the Board or any member of the Board on a fact in issue, unless on notice and opportunity for all parties to participate or under circumstances in which a party excluded from the communication has waived the rights described in Rule 5205(c)(3) with respect to the matters that are the subject of the communication."); PCAOB Rule 1001(p)(v) (defining "party" to "mean[] the interested division, any person named as a respondent in an order instituting proceedings or notice of a hearing, any applicant named in the caption of any order, or any person seeking Board review of a decision"). |
| 14.    The aforementioned *ex parte* written communications are not disclosed to the accountants and firms who will be charged, and those accountants and firms are not | Admitted that if, in the course of deciding whether to commence a disciplinary proceeding, Board members receive written and/or oral communications from DEI staff |

7

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| invited to attend or participate in, and do not attend or participate in, the *ex parte* oral discussions between DEI staff and the Board members. (Exhibit A, Cox Decl., at ¶ 5.) | regarding relevant facts and legal issues, the contents of any such written communications are not disclosed to the potential subjects of those disciplinary proceedings, and that the potential subjects of those disciplinary proceedings are not invited to attend or participate in, and do not attend or participate in, any such oral communications.<br><br>Denied that any such communications are "ex parte." *See* ¶ 13, *supra*.<br><br>The subjects of an informal inquiry or formal investigation may submit a written statement to the Board "setting forth their interests and positions in regard to the subject matter of the investigation." PCAOB Rule 5109(d). "In the event a recommendation for the commencement of a disciplinary proceeding is presented by the staff, any submissions by interested persons will be forwarded to the Board in conjunction with the staff recommendation." *Id.* |
| 15.   Enforcement Staff, including Enforcement Staff assigned to investigate and prosecute Plaintiffs, are not required to take any oath office. (Exhibit B, Board Responses to Discovery Requests, Int. No. 5.) | Admitted. |
| 16.   In the Fall of 2013, the Board hired Marc Dorfman as its Chief Hearing Officer. (*See* Exhibit B, Board Responses to Discovery Requests, Int. No. 2.) | Admitted. |
| 17.   The Chief Hearing Officer is an employee of and reports to the Board. (Charter, Office of Hearing Officers of the Public Company Accounting Oversight Board (March 25, 2021) ("Charter"), at 2[2].) | Admitted that hearing officers, including the Chief Hearing Officer, are employees of and report to the Board, subject to (among others) the following protocols: (1) hearing officers shall not be responsible to, or subject to the supervision or direction of, an employee or agent of the Board engaged in the performance of investigative or prosecuting |

---

[2] *Available at* https://assets.pcaobus.org/pcaob-dev/docs/default-source/enforcement/documents/oho-charter-final.pdf?sfvrsn=f23c6871_4 (last visited Sept. 24, 2025).

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| | functions for the PCAOB; (2) the Office of Hearing Officers shall be physically separated from any PCAOB regulatory division and from the offices of Board members and their immediate staff; and (3) hearing officers shall not be assigned tasks that are inconsistent with their duties and responsibilities as hearing officers.  PCAOB, Office of Hearing Officers Charter (Mar. 25, 2021) ("OHO Charter"), at 2; PCAOB Rule 5200(d). |
| | The oversight and compensation of hearing officers, including the Chief Hearing Officer, are governed by (among others) the following protocols:  (1) no Board member or staff shall attempt to improperly influence, or engage in conduct that could reasonably be perceived as attempting to improperly influence, a hearing officer's decision in any proceeding; and (2) outcomes of proceedings shall not be considered when evaluating the performance or determining the compensation of hearing officers.  OHO Charter at 3; Ex. D, Rog. 18. |
| 18.     The Board contends that, in or around March 2019, the Board unanimously voted to appoint Mr. Dorfman as the Board's Chief Hearing Officer. | Admitted that the Board unanimously voted to appoint Mr. Dorfman as the Board's Chief Hearing Officer.<br><br>Denied that the Board voted to appoint Mr. Dorfman in March 2019.  *See* Ex. E; *see also* ¶ 44, *infra*. |
| 19.     The Board contends that, on or around March 27, 2019, the SEC approved the appointment of Mr. Dorfman as the Board's Chief Hearing Officer. | Admitted that on March 27, 2019, the Commission approved Mr. Dorfman's appointment as Chief Hearing Officer.  *See* Ex. D, Rog. 1; Ex. E. |
| 20.     On April 8, 2019, Mr. Dorfman took the following oath, which was administered by the Chief Accountant of the SEC: I, Marc B. Dorfman, a hearing officer of the Public Company Accounting Oversight Board, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and | Admitted. |

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of my office. So help me God. (Exhibit B, Board's Responses to Discovery Requests, Int. No. 4; s*ee* News Release, Marc B. Dorfman Sworn in as the PCAOB's Chief Hearing Officer (April 8, 2019)[3].) | |
| 21.     From the Fall of 2013, when he was hired, until June 2025, when he retired, Chief Hearing Officer Marc Dorfman was the Board's only hearing officer. (*See* Press Release, PCAOB Names Marc B. Dorfman as Chief Hearing Officer (Oct. 23, 2013)[4]; Exhibit C, June 2, 2025, Hrg. Tr. at 42:23-43:10.) | Admitted. |
| 22.     The role of Chief Hearing Officer is currently vacant. (*See* Exhibit C, June 2, 2025, Hrg. Tr. at 43:7-10.) | Admitted. |
| 23.     Under the Board's current bylaws, the Chief Hearing Officer is removable by a majority of the Board, subject to approval by the SEC. (Exhibit B, Board Responses to Discovery Requests, Int. No. 2; *see* Board Bylaws Art. 6.3(d); *see also* Board Bylaws Arts. 4.3, 4.4; 17 C.F.R. § 202.150; Bylaw and Rule Amendments to Provide That the PCAOB's Appointment and Removal of its Hearing Officers Are Subject to Commission Approval, PCAOB Release No. 2019-001 (Jan. 29, 2019)[5].) | Admitted. |
| 24.     Because the Board may remove hearing officers only with the approval of the SEC, any such removal is subject to a vote of | Admitted that, under the Board's current rules, the removal of a hearing officer is |

---

[3] *Available at* https://pcaobus.org/news-events/news-releases/news-release-detail/marc-b-dorfman-sworn-in-as-the-pcaob-s-chief-hearing-officer_699 (last visited Sept. 24, 2025).
[4] *Available at* https://pcaobus.org/news-events/news-releases/news-release-detail/pcaob-names-marc-b-dorfman-as-chief-hearing-officer_444 (last visited Sept. 24, 2025).
[5] *Available at* https://pcaobus.org/Rulemaking/Docket045/Release-2019-001-Bylaws-Amendments.pdf (last visited Jan. 1, 2025).

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| both the Board and the SEC. (Exhibit B, Board Responses to Discovery Requests, Int. No. 2; Charter at 2.) | subject to a vote of both the Board and the SEC. |
| 25. Board Hearings are conducted in secret, outside of public access, unless the Board orders a public hearing for good cause shown and the parties consent to a public hearing. (15 U.S.C. § 7215(c)(1); see Exhibit B, Board Responses to Discovery Requests, Req. for Admission No. 9.) | Admitted that, pursuant to 15 U.S.C. § 7215(c)(2), hearings in disciplinary proceedings "shall not be public, unless otherwise ordered by the Board for good cause shown, with the consent of the parties to such hearing." 15 U.S.C. § 7215(c)(2). |
| 26. The Board has never held a public disciplinary hearing since its inception. (Exhibit D, Board's Supplemental Responses to Discovery Requests, Int. No. 16.) | Admitted. No respondent, including Doe 1 and Doe 2, has ever consented to a public disciplinary proceeding. See Ex. D, Rog. 16. |
| 27. From its creation in 2002 through September 25, 2025, the Board has publicly issued more than 500 final sanctions orders against Board-registered firms and associated persons. See https://pcaobus.org/oversight/enforcement/enforcement-actions (searchable public database last visited on September 25, 2025.) | Admitted. |
| 28. Of those more than 500 publicly issued final sanctions orders, 28 were issued after an adjudicated proceeding conducted by the Chief Hearing Officer or another hearing officer. See https://pcaobus.org/oversight/enforcement/enforcement-actions (searchable public database last visited on September 25, 2025.) | Admitted. |
| 29. Of the 28 final sanctions orders publicly issued after an adjudicated proceeding conducted by the Chief Hearing Officer or another hearing officer, approximately half became final without a subsequent decision on the merits by the SEC-appointed Board members, because no party sought Board review of the hearing officer's decision. https://pcaobus.org/oversight/enforcement/enf | Admitted that, of the 28 final sanctions orders publicly issued after an adjudicated proceeding conducted by the Chief Hearing Officer or another hearing officer, approximately half became final without a subsequent decision on the merits by the Board. Denied that any final sanction order has become final *solely* because no party sought Board review of the hearing officer's decision, as the Board may on its own initiative order review of any initial decision |

11

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| orcement-actions (searchable public database last visited on September 25, 2025.) | at any time before the initial decision becomes final. *See* PCAOB Rules 5204(d), 5460(b). |
| 30. The Board has not reviewed a hearing officer's decision *de novo* and issued a subsequent public decision on the merits since 2017. (https://pcaobus.org/oversight/enforcement/enforcement- actions (searchable public database last visited on September 25, 2025.) | Admitted that the Board has not reviewed a hearing officer's initial decision de novo and issued a decision on the merits since 2017.<br><br>Denied that the Board has not made public a decision on the merits following de novo review of a hearing officer's decision since 2017; the Board made public four such decisions in 2018. Additionally, since 2017, there have been only four final sanctions orders that have been publicly issued after an adjudicated proceeding conducted by the Chief Hearing Officer or another hearing officer that were not reviewed by the Board. |
| 31. Of the Board's more than 500 publicly issued final sanctions orders since its creation, eight have been subsequently appealed to, and decided on the merits by, the SEC. https://pcaobus.org/oversight/enforcement/enforcement-actions (searchable public database last visited on September 25, 2025.) | Admitted that of the Board's publicly issued final sanctions orders, 28 of which were issued after an adjudicated proceeding and the rest of which were settled, eight have been subsequently appealed to, and decided on the merits by, the SEC. In one of those appeals, the SEC issued an order cancelling the Board's disciplinary sanctions. *See In the Matter of the Application of Cynthia C. Reinhart, CPA*, SEC Release No. 34-85964, 2019 WL 2297280 (May 29, 2019). |
| 32. The SEC has not reviewed and issued a final decision on the merits with respect to a final Board sanctions order since 2019. https://pcaobus.org/oversight/enforcement/enforcement- actions (searchable public database last visited on September 25, 2025.) | Admitted. |
| 33. The Chief Hearing Officer and other presiding hearing officers have issued non-public decisions in Board disciplinary proceedings on Board rules and procedural law. (<u>Exhibit B</u>, Board Responses to Discovery Requests, Req. for Admission Nos. 5, 7.) | Admitted that hearing officers presiding over disciplinary proceedings have issued non-public decisions citing, applying, or otherwise referring to PCAOB Rules. However, neither the Board nor PCAOB hearing officers have a practice of citing such decisions in their decisions in litigated proceedings involving different respondents, nor does DEI staff have |

12

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| | a practice of citing such decisions in its briefing in litigated proceedings involving different respondents. *See* Ex. B, RFA 5.<br><br>Admitted that hearing officers presiding over disciplinary proceedings have issued non-public decisions concerning procedural law. However, neither the Board nor PCAOB hearing officers have a practice of citing such decisions in their decisions in litigated proceedings involving different respondents, nor does DEI staff have a practice of citing such decisions in its briefing in litigated proceedings involving different respondents. *See* Ex. B, RFA 7. |
| 34.    The Chief Hearing Officer and other presiding hearing officers have issued non-public decisions in Board disciplinary proceedings on the application of the federal securities laws and SEC rules. (Exhibit B, Board Responses to Discovery Requests, Req. for Admission No. 6.) | Admitted that hearing officers presiding over disciplinary proceedings have issued non-public decisions citing, applying, or otherwise referring to the federal securities law and SEC rules. However, neither the Board nor PCAOB hearing officers have a practice of citing such decisions in their decisions in litigated proceedings involving different respondents, nor does DEI staff have a practice of citing such decisions in its briefing in litigated proceedings involving different respondents. *See* Ex. B, RFA 6. |
| 35.    The Chief Hearing Officer and other presiding hearing officers have issued final, non-public decisions in Board disciplinary proceedings finding in favor of the respondent. (*See* Exhibit C, June 2, 2025, Hrg. Tr. at 46:7-13.) | Admitted that the Chief Hearing Officer and/or presiding hearing officers have issued non-public initial decision(s) in Board disciplinary proceedings finding in favor of the respondent.<br><br>Denied that any decision issued by the Chief Hearing Officer and/or presiding hearing officers is "final" on the ground that whether any such decision is "final" is a legal question. To the extent that the question of whether any decision issued by the Chief Hearing Officer and/or presiding hearing officers is "final" is a factual issue, denied. *See* PCAOB Rules 5204(b), (d). |

13

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| 36.     Because the Enforcement Division is the prosecuting entity in all Board disciplinary proceedings, Enforcement Staff has access to all non-public decisions of the Board and the Chief Hearing Officer or any other presiding hearing officers. (Exhibit A, Cox Decl., at ¶ 6; Exhibit B, Board Responses to Discovery Requests, Req. for Admission No. 10.) | Admitted that DEI staff may obtain any decision issued by the Board and its hearing officers, including those that remain non-public. |
| 37.     Non-public decisions issued by the Board, the Chief Hearing Officer, or any other presiding hearing officers are not, as a general matter, available to the public or to respondents in Board disciplinary proceedings. (Exhibit B, Board Responses to Discovery Requests, Req. for Admission No. 9.) | Admitted that non-public decisions issued by the Board or its hearing officers are not, as a general matter, available to the public. Admitted that non-public decisions are not available to respondents in proceedings before the Board unless such non-public decisions are sought and ordered to be disclosed.  See PCAOB Rule 5408; see also PCAOB Rule 5461. |
| 38.     In December 2022, after a formal investigation, the Board instituted its formal disciplinary proceedings against Doe 1 by issuing a confidential Order Instituting Proceedings. (Compl., Doe 1 ECF No. 1, ¶ 57.) | Admitted. |
| 39.     The Order Instituting Proceedings against Doe 1 alleges that he led an effort to modify audit documentation after the fact and in anticipation of a Board inspection, misled Board inspectors about that documentation during the Board's inspection, lied to Board staff about that documentation during the Board's investigation, and pressured others to do the same, in violation of Board Rule 3100 (Compliance with Auditing and Related Professional Practice Standards), Rule 3200T (Interim Auditing Standards), Rule 3500T (Interim Ethics and Independence Standards), Rule 4006 (Duty to Cooperate With Inspectors), Rule 5110 (Noncooperation with an Investigation), Board Standard ET § 102 (Integrity and Objectivity), and Auditing Standard No. 3 (Audit Documentation). | Admitted. |

| Plaintiffs' Statement of Material Facts Not in Dispute | Board's Counter-Statement of Disputed Facts |
|---|---|
| (Order Instituting Proceedings, PCAOB No. 105-2022-006.) | |
| 40. In September 2023, after a formal investigation, the Board instituted its formal disciplinary proceedings against Doe 2 by issuing a confidential Order Instituting Proceedings. (Compl., Doe 2 ECF No. 1 at ¶ 59.) | Admitted. |
| 41. The Order Instituting Proceedings against Doe 2 alleges that he failed, during a 2018 audit, to adequately evaluate certain accounting estimates used by the client to value one of its revenue sources and the associated accounts receivable, in violation of Board Rule 3100 (Compliance with Auditing and Related Professional Practice Standards), Board Rule 3200 (Auditing Standards); Auditing Standard No. 1015 (Due Professional Care in the Performance of Work); Auditing Standard No. 1105 (Audit Evidence); Auditing Standard No. 1201 (Supervision of the Audit Engagement), Auditing Standard No. 1215 (Audit Documentation), Auditing Standard No. 2301 (The Auditors Responses to the Risks of Material Misstatement), Auditing Standard No. 2401 (Consideration of Fraud in a Financial Statement Audit), Auditing Standard No. 2501 (Auditing Accounting Estimates, Including Fair Value Measurements), Auditing Standard No. 2805 (Management Representations), Auditing Standard No. 2810 (Evaluating Audit Results), and Auditing Standard No. 3101 (The Auditors Report on an Audit of Financial Statements When the Auditor Expresses an Unqualified Opinion). (Order Instituting Proceedings, PCAOB No. 105-2023-003.) | Admitted. |
| 42. Before instituting the disciplinary proceedings against Doe 1 and Doe 2, the Board filed an Order Instituting Disciplinary Proceedings, Making Findings, and Imposing | Admitted that the Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions against Doe 1's former employer (Ex. F, PCAOB Release No. |

| **Plaintiffs' Statement of Material Facts Not in Dispute** | **Board's Counter-Statement of Disputed Facts** |
|---|---|
| Sanctions against each of their respective employers, which contained (i) factual findings by the Board that are substantively identical to the unproven allegations made against the underlying Plaintiff and (ii) legal conclusions by the Board based on those same factual findings. (*See* Exhibit C, June 2, 2025, Hrg. Tr. at 34:12-22.) | 105-2022-034) contains findings of the Board concerning factual and legal issues that are alleged by the DEI in the Order Instituting Disciplinary Proceedings against Doe 1 (PCAOB No. 105-2022-006). The Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions against Doe 1's former employer expressly states that "[t]he findings herein … are not binding on any other person or entity in this or any other proceeding." Ex. F, at p.2 n.1; *see* Ex. C, 33:22-35:16. |
| | Admitted that the Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions against Doe 2's former employer (Ex. G, PCAOB Release No. 105-2023-024) contains findings of the Board concerning factual and legal issues that are alleged by the DEI in the Order Instituting Disciplinary Proceedings against Doe 2 (PCAOB No. 105-2023-003). The Order Instituting Disciplinary Proceedings, Making Findings, and Imposing Sanctions against Doe 2's former employer expressly states that "[t]he findings herein … are not binding on any other person or entity in this or any other proceeding." Ex. G, at p.2 n.1. |

| **Board's Statement of Material Facts Not in Dispute** | |
|---|---|
| 43. Board hearing officers, including the Chief Hearing Officer, are removable at will. *See* PCAOB Bylaws Arts. 4.3, 4.4, 6.3(d); 17 C.F.R. § 202.150; OHO Charter at 2; Ex. B, Rog. 2; Ex. H. The Board's offer letter to Marc Dorfman stated expressly that, "[l]ike other employees of the PCAOB, you are employed on an at-will basis, which means that … the PCAOB may terminate your | |

| | |
|---|---|
| employment at any time for any lawful reason, or for no reason." Ex. H. | |
| 44.     On February 5, 2019, the Board voted unanimously to appoint Marc Dorfman as Chief Hearing Officer.  *See* Ex. D, Rog. 1; Ex. E. | |

Dated:  November 25, 2025

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
Rachel G. Miller-Ziegler
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
Telephone:  (202) 220-1100
Fax:  (202) 220-1100

Jeffrey A. Lamken (DC Bar # 440547)
Robert K. Kry (DC Bar # 490545)
MOLOLAMKEN LLP
600 New Hampshire Ave. NW, Suite 500
Washington, DC 20037
Telephone: (202) 556-2000

*Attorneys for Public Company Accounting Oversight Board*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

DATED: November 25, 2025                     */s/ Donald B. Verrilli, Jr.*
                                             Donald B. Verrilli, Jr.