IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br> *Plaintiff*,<br>v.<br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br> *Defendant*. | Civil Action No. 1:24-cv-780-ACR<br>(lead case) |
| JOHN DOE,<br> *Plaintiff*,<br>v.<br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br> *Defendant*. | Civil Action No. 1:25-cv-186-ACR<br>(consolidated with No. 1:24-cv-780) |

## DOE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

The Doe Plaintiffs respectfully bring to the Court's attention the attached rulings last week by the D.C. Circuit in *Lemelson v. SEC*, No. 25-2415 (Feb. 17, 2026) and this week by the Fifth Circuit in *Ortega v. OCC*, No. 23-60617 (Feb. 26, 2026).

The D.C. Circuit ruling vacated Judge Sooknanan's decision in the *Lemelson* case, which Defendant Board repeatedly cited and relied upon in its briefing in connection with the cross-motions in these consolidated cases, principally to support its contention that the Court lacks subject matter jurisdiction over the Doe Plaintiffs' jury-trial and Article III claims.

The Fifth Circuit ruling in *Ortega* placed in abeyance a pending petition for en banc rehearing of the panel decision in that case, which the Board also cited and relied upon in its summary judgment briefs, primarily to support its position that Board penalty proceedings do not involve common-law claims and fall within the "public rights" exception to Article III and the jury-trial requirement of the Seventh Amendment.  The Fifth Circuit placed the *Ortega* rehearing petition in abeyance pending the Supreme Court's decision in the consolidated cases of *FCC v. AT&T, Inc.*, No. 24-406, and *Verizon Communications Inc. v. FCC*, No. 25-567, both of which present the question of whether FCC administrative penalties imposed under the Communications Act violate the Seventh Amendment and Article III even though, unlike with Board penalties, the penalized party will eventually get a jury trial in federal court if and when the FCC subsequently seeks judicial enforcement of its administrative penalties.  Notably, in the FCC's petition seeking review of the Fifth Circuit holding in the *AT&T* case, that even the guarantee of a post-imposition, pre-collection jury trial fails to satisfy Article III or the Seventh Amendment, the Government no longer disputes the need for a jury trial *at some point* before the FCC can collect an administrative penalty, an eventuality that never arises in the case of Board-imposed penalties.

Dated:  February 26, 2026

Respectfully submitted,

/s/Russell G. Ryan
Russell G. Ryan (DC Bar No. 414472)
Casey Norman (DC Bar No. 90016178)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA  22203
(202) 869-5210
russ.ryan@ncla.legal

*Attorneys for Plaintiffs John Doe 1 (No. 24-cv-780) and John Doe 2 (No. 25-cv-186)*

        Thomas K. Potter, III (*pro hac vice*)
        BURR & FORMAN, LLP
        222 Second Avenue South, Suite 2000
        Nashville, TN 37201
        Telephone: (615) 724-3231
        Email: tpotter@burr.com

        *Attorney for Plaintiff John Doe 2 (No. 25-cv-186)*

        */s/ Ian D. Roffman*
        Ian D. Roffman (*pro hac vice*)
        Melanie V. Woodward (*pro hac vice*)
        NUTTER, MCCLENNEN & FISH LLP
        Seaport West, 155 Seaport Blvd.
        Boston, MA 02210
        Telephone: (617) 439-2421
        Email: iroffman@nutter.com

        *Attorneys for Plaintiff John Doe 1 (No. 24-cv-780)*

## **CERTIFICATE OF SERVICE**

I certify that on February 26, 2026, a copy of the this document was served upon all counsel of record through the Court's ECF filing system.

        */s/ Russell G. Ryan*
        Russell G. Ryan