IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>    *Plaintiff,*<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING<br>OVERSIGHT BOARD,<br><br>    *Defendant.* | Civil Action No. 1:24-cv-780-ACR<br>(Lead Case) |
| JOHN DOE,<br><br>    *Plaintiff,*<br><br>v.<br><br>PUBLIC COMPANY ACCOUNTING<br>OVERSIGHT BOARD,<br><br>    *Defendant.* | Civil Action No. 1:25-cv-186-ACR<br>(consolidated with No. 1:24-cv-<br>780) |

**DOE PLAINTIFFS' CONSENT MOTION TO AMEND
AND EXTEND PSEUDONYMITY-RELATED STAY ORDERS**

The John Doe plaintiffs ("Doe 1" and "Doe 2") jointly and respectfully move to amend and

extend the Court's September 26, 2024 and February 4, 2025 Minute Orders ("the Minute

Orders"), which granted their consented-to motions to stay the effectiveness of the Court's August

2, 2024 and January 22, 2025 orders (the "Pseudonymity Denial Orders"), which in turn had denied

their motions for leave to litigate these cases pseudonymously.  The Defendant Board consents to

the requested relief.

As explained below, the Minute Orders stayed the effect of the Pseudonymity Denial

Orders, and thereby maintained the pseudonymity status quo pending interlocutory appeal, but

only until 14 days after the D.C. Circuit's "decision" in Doe 1's appeal from his Pseudonymity

Denial Order, rather than 14 days after the D.C. Circuit issues its mandate to conclude the appellate

process.  The Doe Plaintiffs now seek to extend the stay of the effect of the Pseudonymity Denial

Orders until the appellate process is concluded with the issuance of the mandate, which was their intention all along.

Defendant Public Company Accounting Oversight Board (the "Board") consents to the relief requested.

In support of their motion, Doe 1 and Doe 2 state as follows:

1.      Doe 1 and Doe 2 each separately moved for leave to litigate pseudonymously when they filed their respective complaints in other districts.  Upon subsequent transfer of both cases to this Court, Chief Judge Boasberg denied both plaintiffs leave to litigate pseudonymously.  Those Pseudonymity Denial Orders were entered in Doe 1's case on August 2, 2024, *Doe v. PCAOB*, 2024 WL 3954189 (D.D.C. Aug. 2, 2024), and in Doe 2's case (by minute order) on January 22, 2025.

2.      Doe 1 promptly appealed his Pseudonymity Denial Order to the D.C. Circuit, and Chief Judge Boasberg then issued the September 26, 2024 Minute Order granting Doe 1's consent motion to stay the effectiveness of Doe 1's Pseudonymity Denial Order until 14 days after the D.C. Circuit "decides [Doe 1's] appeal."  Chief Judge Boasberg later entered the February 2, 2025 Minute Order in Doe 2's case, which likewise granted Doe 2's consent motion to stay the effectiveness of the Pseudonymity Denial Order in his case until 14 days after the D.C. Circuit issued its "decision" in Doe 1's appeal.

3.      The two cases in this Court were thereafter separately reassigned and eventually consolidated before Your Honor, and have proceeded in due course pending the outcome of Doe 1's appeal.

4.      On June 9, 2026, the D.C. Circuit issued a *per curiam* Judgment that affirmed the Pseudonymity Denial Order in Doe 1's case. *John Doe v. Public Company Accounting Oversight Board*, No. 24-5195 (D.C. Cir.).  The mandate has not yet been issued, and Doe 1's time to seek

rehearing or certiorari has not yet expired.  Doe 1 recently filed a consented-to motion in the D.C. Circuit to extend his deadline to seek rehearing until August 10, 2026.

5.  Due to undersigned counsel's inartful drafting of the proposed orders that led to the Minute Orders, those Minute Orders, by their literal terms, preserve the status quo with respect to the Doe Plaintiffs' Pseudonymity Denial Orders only until 14 days after the D.C. Circuit issued its *decision* in Doe 1's appeal—that is, until June 23, 2026—rather than 14 days after the D.C. Circuit eventually issues its *mandate*.  Without an amendment and extension of those Minute Orders, the Pseudonymity Denial Orders will become effective on June 23, 2026 despite the D.C. Circuit not yet having issued its mandate and despite Doe 1 not yet having exhausted his available appellate options.

6.  Doe 1 and Doe 2 therefore respectfully move to amend and extend the stays put in place by their respective Minute Orders until 14 days after the D.C. Circuit issues its *mandate* in Doe 1's appeal (rather than its *decision*).  That was the Doe Plaintiffs' intention in seeking those stays, as their overall goals were (1) to avoid having to reveal their identities (or dismiss their complaints) before Doe 1 had exhausted his appellate options and, relatedly, (2) to avoid requiring the parties and the D.C. Circuit to needlessly devote time and resources to a parallel appeal (by Doe 2) that would have been largely duplicative of Doe 1's already pending appeal.  Undersigned counsel regrets his inartful drafting of the proposed orders that inadvertently resulted in an unintentionally compressed time frame and the need for the instant motion.

7.  Amending and extending the stays of effectiveness of the Pseudonymity Denial Orders would serve the interests of fairness, consistency, judicial economy, and simplicity for all involved by maintaining the status quo with respect to pseudonymity until Doe 1 exhausts his appellate options and the D.C. Circuit issues its mandate.

3

8.      Granting the relief requested herein would not delay or impact the parties' pending cross-motions for summary judgment.

9.      Defendant Board consents to this requested relief.

Accordingly, Doe 1 and Doe 2 jointly and respectfully request that the Court amend and extend the Court's September 26, 2024 and February 4, 2025 Minute Orders such that the effectiveness of the August 2, 2024 and January 22, 2025 Pseudonymity Denial Orders will be stayed until 14 days after the D.C. Circuit issues its mandate in Doe 1's appeal.    A proposed order is attached.

Dated:  June 18, 2026

Respectfully submitted,

s/*Russell G. Ryan*_____
Russell G. Ryan (DDC Bar. No. 414472)
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA  22203
(202) 869-5210
russ.ryan@ncla.legal

*Attorneys for Plaintiffs John Doe 1 (No. 24-cv-780)*
*and John Doe 2 (No. 25-cv-186)*

Thomas K. Potter, III (TN Bar No. 024857)
(*pro hac vice motion forthcoming*)
BURR & FORMAN LLP
222 Second Avenue South, Suite 2000
Nashville, TN  37201
(615) 724-3231
tpotter@burr.com

*Attorney for Plaintiff John Doe 2 (No. 25-cv-186)*

Ian D. Roffman (pro hac vice)
Melanie V. Woodward (pro hac vice)
NUTTER, MCCLENNEN & FISH LLP
Seaport West, 155 Seaport Blvd.
Boston, MA 02210
Telephone: (617) 439-2421
Email: iroffman@nutter.com

*Attorneys for Plaintiff John Doe 1 (No. 24-cv-780)*

5

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7(m), undersigned counsel for Plaintiff hereby certifies that I conferred with counsel for the Defendant Board by email, on June 18, 2026, to determine whether the relief requested by this motion is opposed. Counsel for the Defendant Board advised that the Board consents to the relief requested herein.

/s/ *Russell G. Ryan*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 18, 2026, a copy of this motion (including the accompanying proposed order) was served upon all counsel of record through the court's ECF system.

/s/ *Russell G. Ryan*