**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff*,<br>v.<br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br>*Defendant*. | Civil Action No. 1:24-cv-780-ACR |
| JOHN DOE,<br>*Plaintiff*,<br>v.<br>PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD,<br>*Defendant*. | Civil Action No. 1:25-cv-186-ACR<br>(consolidated with No. 1:24-cv-780 (lead)) |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Public Company Accounting Oversight Board ("Board") respectfully submits the attached opinion in *Bonan v. FDIC*, 2026 WL 2332583 (7th Cir. Aug. 12, 2026), which supports the Board's argument that plaintiffs have no constitutional entitlement to a jury trial.

Following an administrative enforcement proceeding, the FDIC in *Bonan* found that bank director Frank Bonan had engaged in unsafe or unsound banking practices and breached his fiduciary duties. 2026 WL 2332583, at *3. After the FDIC barred Bonan from working at any FDIC-insured institution and assessed a civil money penalty, Bonan filed a petition for review, raising several claims similar to plaintiffs' claims here, including that the FDIC's in-house enforcement action violated his Seventh Amendment jury-trial right under *SEC v. Jarkesy*, 603 U.S. 109 (2024). 2026 WL 2332583, at *3.

The Seventh Circuit denied the petition. As relevant here, the court held that the FDIC's claims were not "akin to suits at common law at the Founding" and therefore fell within the public-rights exception to Article III jurisdiction. 2026 WL 2332583, at *6-*8. In particular, the court held that the banking-practices claim had no Founding-era analogue "that targets the same conduct or operates under similar legal principles," and that fiduciary-duty claims targeting bank directors had only "twentieth century common law soil." *Id.* at *7-*8; *see id.* at *7 ("Bonan offers us no basis to conclude that fiduciary duties even applied to bank directors at the Founding."). The enforcement action therefore involved public rights under *Atlas Roofing Co. v. Occupational Safety and Health Review Commission*, 430 U.S. 442 (1977). 2026 WL 2332583, at *8.

Those holdings parallel the Board's arguments in this case. Here, too, the Board's disciplinary claims have no Founding-era common-law counterparts. *See* Board.Br.13-21; Board.Reply.7-11. And here, too, the Board's claims involve public rights under *Atlas Roofing*; that decision "continues to govern the public rights inquiry for agency enforcement actions" like those at issue here "based on statutory standards that 'bring no common law soil with them.'" 2026 WL 2332583, at *5 (quoting *Jarkesy*, 603 U.S. at 137); *see* Board.Br.16-17; Board.Reply.9.

DATED: August 25, 2026

Respectfully submitted,

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr. (DC Bar # 420434)
Elaine J. Goldenberg (DC Bar # 478383)
Ginger D. Anders (DC Bar # 494471)
Rachel G. Miller-Ziegler (DC Bar # 229956)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Fax: (202) 220-1100

Jeffrey A. Lamken (DC Bar # 440547)
Robert K. Kry (DC Bar # 490545)
MOLOLAMKEN LLP
600 New Hampshire Ave. NW, Suite 500
Washington, DC 20037
Telephone: (202) 556-2000

*Counsel for Defendant Public Company Accounting Oversight Board*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

DATED: August 25, 2026

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.